IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRAVEEN KUMAR VENKATA PANCHAKARLA**, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:07-CV-0257-L** |
| **ALBERTO GONZALES, Attorney General of the United States, et al.**, | § § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court are (1) Defendants' Motion to Dismiss, or in the Alternative, to Remand, filed on April 6, 2007 by Alberto Gonzales, Michael Chertoff, and Angela Barrows (collectively "Defendants"), and (2) Motion for Leave to File Supplement to Defendants' Motion to Dismiss and Notice of Recent Fifth Circuit Opinion, filed on August 9, 2007 by Defendants. After careful consideration of the motions, response, record, and applicable law, the court **grants** Defendants' Motion to Dismiss, and **denies as moot** Defendants' Motion for Leave to Supplement[*] for the reasons herein stated.

## I. BACKGROUND

Praveen Kumar Venkata Panchakarla ("Plaintiff"), a native and citizen of India, filed his Complaint for Writ of Mandamus and Request for Hearing Pursuant to 8 U.S.C. § 1447 (the "Complaint") on May 25, 2007. In the Complaint, Plaintiff requests that the court (1) assume

---

[*] Defendants seek leave to supplement the previous motion in order to notify the court of the Fifth Circuit's recent holding in *Walji v. Gonzales*, 489 F.3d 738, 741 (5th Cir. 2007). The court is aware of this authority and has considered it in ruling on Defendants' Motion to Dismiss.

**Memorandum Opinion and Order – Page 1**

jurisdiction over this case and naturalize him, or (2) compel Defendants and those acting under them to perform their duties to adjudicate his application. Plaintiff has been a lawful permanent resident since August 1, 2000. Plaintiff alleges that he applied for naturalization on or about July 20, 2005, and was interviewed for citizenship on November 29, 2005. Plaintiff passed the requisite English-proficiency and civics exam and was recommended for approval of citizenship; however, Plaintiff's application has not been determined because the Federal Bureau of Investigation ("FBI") has not completed the requisite background check of Plaintiff.

To invoke the jurisdiction of this court, Plaintiff relies on 8 U.S.C. § 1447(b), which allows a citizenship applicant to apply to a United States district court for a hearing if there is no determination on his application before the end of one-hundred twenty (120) days after the date the examination is conducted. Applicants who seek citizenship in the United States must undergo an examination by the Citizenship and Immigration Services ("CIS") that includes inquiry into the "applicant's residence, physical presence in the United States, good moral character, understanding of . . . the Constitution of the United States, ability to read, write, and speak English, and other qualifications to become a naturalized citizen as required by law." 8 U.S.C. § 1443(a).

Plaintiff argues that this court has jurisdiction over this case because the 120-day period, required by 8 U.S.C. § 1447(b), began to run after his citizenship interview in 2005. Defendants, on the other hand, contend that this court lacks subject matter jurisdiction under section 1447(b) because the requisite 120-day period will not begin to run until the FBI background check of Plaintiff is complete. Thus, the main dispute in this case is whether the word "examination" within the context of section 1447(b) refers to a *process* that includes the FBI background check, or whether it refers only to the citizenship interview. Defendants argue that "examination" includes

the applicant's entire investigation, including the FBI background check, while Plaintiff contends that several districts have interpreted the term "examination" to consist of only the citizenship interview.

## II.     LEGAL STANDARD

A federal court has subject matter jurisdiction over cases "arising under" the Constitution, laws, or treaties of the United States, or in cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424

(5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### III. ANALYSIS

At the time the Complaint, motion, and response were filed in this case, there was no clear Fifth Circuit authority that interpreted the word "examination" within the context of section 1447(b). On June 19, 2007, the Fifth Circuit held that the "120-day time period of 8 U.S.C. § 1447(b) does not begin to run until CIS receives the FBI's 'definitive response,' described in 8 C.F.R. § 335.2(b)." *Walji v. Gonzales*, 489 F.3d 738, 741 (5th Cir. 2007). Under 8 C.F.R. § 335.2(b), CIS may examine the naturalization application only after it has received a definitive response from the FBI that a full background check of the applicant has been completed.

Plaintiff relies on a case from the Northern District of Texas in which the court denied the government's motion to remand, compelled expedited processing of the applicant's background check, and retained jurisdiction to adjudicate the plaintiff's citizenship application. *Nagem v. United States*, 480 F. Supp. 2d 877 (N.D. Tex. 2007). Although the *Nagem* decision supports Plaintiff's position, it was decided before *Walji*, and the court did not have the benefit of the Fifth Circuit's analysis in the *Walji* case. Two similar cases recently decided by the Northern District after the *Walji* decision held that the 120-day period does not commence until the FBI background check is complete. *Hindi v. Gonzales*, No. 3:06-CV-2229-D, 2007 WL 2084131, at *2 (N.D. Tex. July 19,

2007); *Al-Saedy v. Barrows*, No. 3:07-CV-0226-R, 2007 WL 2162049, at *1 (N.D. Tex. July 26, 2007).

In light of controlling Fifth Circuit authority, which was not available at the time this action was filed or the parties briefed the Motion to Dismiss, the court need not consider contrary authority from this and other districts addressing the issue in this case. The court, relying on *Walji*, holds that the 120-day period stated in section 1447(b) has not commenced because the FBI has not given a definitive response on Plaintiff's background check to CIS; therefore, this case is premature and the court lacks subject matter jurisdiction to adjudicate this action.

## IV. MANDAMUS

Plaintiff's Complaint seeks an order from the court compelling Defendants to adjudicate his naturalization application. As the court has determined that it lacks subject matter jurisdiction over this case, Plaintiff's request for mandamus relief is moot and will be denied as such.

## V. CONCLUSION

For the foregoing reasons, this court lacks subject matter jurisdiction to adjudicate Plaintiff's claim. Accordingly, the court **grants** Defendants' Motion to Dismiss and **dismisses without prejudice** Plaintiff's Complaint. The court **denies as moot** Plaintiff's request for mandamus relief and **denies as moot** Defendants' Motion for Leave to Supplement.

**It is so ordered** this 13th day of August, 2007.

Sam A. Lindsay
United States District Judge